a

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAR 15 2016

TONY R. MOORE CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

RICKY O'NEAL BUCKNER,　　　　　CIVIL ACTION NO. 1:15-CV-2916; "P"
Petitioner

VERSUS　　　　　　　　　　　　　CHIEF JUDGE DRELL

STATE OF LOUISIANA, ET AL.,　　MAGISTRATE JUDGE PEREZ-MONTES
Respondent

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Ricky O'Neal Buckner (#319340) on December 29, 2015. (Doc. 1). Petitioner's motion for leave to proceed *in forma pauperis* was denied on January 5, 2016, and Petitioner's filing fee was received on January 22, 2016. (Doc. 4). The case was initially assigned to the Shreveport Division of this District Court. However, on March 2, 2016, the case was transferred to the Alexandria Division. (1:06-cv-1014).

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### Factual and Procedural History

According to Louisiana's Third Circuit Court of Appeal:

On July 9, 1999, Mr. Buckner was charged with forcible rape, in violation of La.R.S. 14:42.1. On November 7, 2000, Mr. Buckner proceeded to trial by jury. On November 10, 2000, the jury found him guilty of simple rape, in violation of La.R.S. 14:43. Mr. Buckner's motions for post-verdict judgment of acquittal and motion for a new trial were denied on March 5, 2001. The State also filed a habitual offender bill of information, citing three prior felonies. The habitual offender

hearing, which could have resulted in life imprisonment for Mr. Buckner, was heard on May 7, 2001, and was taken under advisement.

On June 28, 2001, Mr. Buckner entered into a cooperation agreement with the State of Louisiana which stipulated that he would cooperate with the State in investigating and prosecuting several individuals. In return for his "substantial assistance," Mr. Buckner would be sentenced to serve twenty-five years with the Louisiana Department of Corrections for the rape charge and the habitual offender bill would be dropped.[1]

That same day, after a conference between counsel for Mr. Buckner, the judge, and the district attorney handling that criminal case, the court ordered the habitual offender bill dismissed as moot. Mr. Buckner was sentenced to serve twenty-five years with the Louisiana Department of Corrections at hard labor, without the benefit of probation, parole, or suspension of sentence. The cooperation agreement was placed in the record under seal.

State v. Buckner, 2014-679 (La. App. 3 Cir. 12/10/14), cert. denied, State ex rel. Buckner v. State, 2015-0226 (La. 11/30/15). Petitioner did not appeal his conviction and sentence. (1:06-cv-1014, Doc. 1-1).

According to his prior § 2254 habeas corpus petition filed in this Court, Petitioner filed a motion to correct an illegal sentence in the Ninth Judicial District Court, claiming that the sentence imposed constituted a breach of the plea agreement and was illegal. (1:06-cv-1014, Doc. 1-1). Relief was denied, and Petitioner sought further review in Louisiana's Third Circuit Court of Appeal and Supreme Court. State ex rel. Buckner v. State, 2005-0578 (La. 1/13/06), 920 So.2d 919. On January 13, 2006, the Supreme Court denied writs, citing "La. C.Cr.P. art. 930.8; State ex rel. Glover v. State, 93-2330 (La. 9/5/95), 660 So.2d 1189; State v. Parker, 98-0256 (La. 5/8/98), 711 So.2d 694; La. C.Cr.P. art. 930.3; State ex rel. Melinie v. State, 93-1380

---

[1] In the Cooperation Agreement, Mr. Buckner admitted to being convicted of the three prior felonies as well as the simple rape.

2

(La.1/12/96), 665 So.2d 1172." State ex rel. Buckner v. State, 2005-0578 (La. 1/13/06), 920 So. 2d 219 (Mem).

Petitioner signed his first § 2254 federal habeas corpus petition on June 14, 2006. (1:06-cv-1014). Petitioner claimed that his constitutional rights were violated when he was illegally sentenced. On September 5, 2006, the § 2254 petition was denied and dismissed as barred by the one-year limitations period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(b). (1:06-cv-1014, Doc. 6).

On January 9, 2014, Petitioner mailed to the trial court an application entitled "Motion for Copy of Cooperation Agreement." State v. Buckner, 2014-679 (La. App. 3 Cir. 12/10/14). On January 10, 2014, the motion was denied by the trial court, which noted: "All time limits have run. No particularized need." Id. Petitioner sought review in Louisiana's Third Circuit Court of Appeal on the grounds that the trial court erred in rejecting his public records request. The appellate court found that Petitioner was not entitled to his request for public records. It also noted that Petitioner did not claim that the State failed to keep its part of his plea deal, as the habitual offender bill was removed and he was sentenced to twenty-five years as agreed upon. Thus, the decision of the trial court was affirmed. Id. The Louisiana Supreme Court denied writs. State ex rel. Buckner v. State, 2015-0226 (La. 11/30/15).

After his writ application was denied by the Louisiana Supreme Court, Petitioner filed the captioned petition for writ of habeas corpus under § 2241. He seeks an order from this Court directing the Rapides Parish District Attorney to

3

provide Petitioner with a copy of his plea agreement to support his claim that the prosecution coerced his cooperation. (Doc. 1, p. 15).

## Law and Analysis

Petitioner filed this action pursuant 28 U.S.C. § 2241. However, Section 2254 specifically governs any challenge to a petitioner's state conviction. Section 2254 "confers jurisdiction upon the federal courts to hear collateral attacks on state court judgments." Wadsworth v. Johnson, 235 F.3d 959, 961 (5th Cir. 2000). Section 2254 specifically applies to post-trial situations in which a judgment has already been entered against the petitioner. See Stringer v. Williams, 161 F.3d 259 (5th Cir. 1998). Section 2241 may not be used to avoid the prohibition against filing successive petitions under § 2254.

Furthermore, § 2241(c) provides that "[t]he writ of habeas corpus shall not extend to a prisoner unless" one of five enumerated situations exist.[2] Unless Petitioner is "in custody in violation of the Constitution or laws or treaties of the United States," none of the five situations exist. Moreover, if Petitioner is "in custody in violation of the Constitution or laws or treaties of the United States" as contemplated by § 2241(c)(3), he is also in custody such that he may proceed under 28 U.S.C. § 2254. Because "a more specific provision controls a more general

---

[2] The five situations are:
(1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
(2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court of judge of the United States; or
(3) He is in custody in violation of the Constitution or laws or treaties of the United States; or
(4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted ... or
(5) It is necessary to bring him into court to testify or for trial.

4

provision," see Carmona v. Andrews, 357 F.3d 535, 538 (5th Cir. 2004), this action falls under the more specific provision of § 2254. Thus, Petitioner's only avenue for habeas relief is through 28 U.S.C. § 2254.

However, Petitioner previously filed a § 2254 petition. Pursuant to 28 U.S.C. § 2244(b)(3)(A), before a "second or successive" application is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

A habeas corpus petition is not second or successive simply because it follows an earlier federal petition. *In re* Cain, 137 F.3d 234, 235 (5th Cir. 1998). However, the later petition is successive when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." Id. The Fifth Circuit has also found that "an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised." Graham v. Johnson, 168 F.3d 762, 774 fn. 7 (5th Cir. 1999) (citing Felker v. Turpin, 518 U.S. 651, 655-58, 662-63 (1996)).

The petition before the Court raises claims that were or could have been raised in the prior habeas corpus petition. Moreover, the prior petition was dismissed as time-barred, which is an adjudication on the merits. See *In re* Flowers, 595 F.3d 204 (5th Cir. 2009) (habeas petition dismissed as time-barred is considered as having been adjudicated on the merits for the purposes of the gate-keeping rules on

successive petitions). Therefore, the petition is second or successive, and the Court lacks jurisdiction to hear Petitioner's claim.

To the extent that Petitioner does not challenge his conviction or sentence, and only seeks an order directing the state court to provide him with a document (Doc. 1, p. 15), his claim fails because such relief is not available through a habeas corpus petition. Additionally, this Court does not have jurisdiction to order a state court to provide Petitioner with a copy of a document.

Section 2244(b) divests this Court of jurisdiction to consider Petitioner's successive habeas petition until such time as a court of appeals authorizes such a filing. Therefore, **IT IS RECOMMENDED** that the Petition for writ of habeas corpus be **DISMISSED FOR LACK OF JURISDICTION**. If Petitioner wishes to file a § 2254 petition, he must obtain approval from the Fifth Circuit Court of Appeals prior to filing the petition in this Court.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 15th day of March, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge